IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR470 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| IGNACIO PALMA, | ) ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 37, 42).  See Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

*¶ 21 - Breach of Plea Agreement*

Both parties object to the probation officer's statement in ¶ 21 that the Defendant breached his plea agreement with the government.  However, the government, obviously a party to the agreement, stated that a breach did not occur.

The objections are granted, and ¶ 21 shall be deleted or changed accordingly.

*¶¶ 22, 23, 29 - Drug Quantity*

Both parties object to the drug quantity appearing in the PSR.  The plea agreement, reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), states that the Defendant should be held accountable for "50 grams or more but less than 200 grams of a mixture or substance containing a detectable amount of methamphetamine" resulting in

base offense level 26. The Assistant United States Attorney states in the government's objection that the most readily provable amount is reflected in the plea agreement.

The objections are granted and the Court, barring any unusual circumstances, intends to honor the Rule 11(c)(1)(C) plea agreement.

**¶¶ 59, 60, 61**[1]

The Defendant objects to the statement that he has 27 criminal history points and to the inclusion of the 2 additional criminal history points in ¶ 60 and the additional point added in ¶ 61. The Defendant's objections failed to state the basis for the objections, as required in ¶ 6 of the Order on Sentencing Schedule.

The "blanket" objection to the Defendant's 27 criminal history points reflected in ¶ 59 is denied.

The application of U.S.S.G. § 4A1.1(d) in ¶ 60 appears proper. The Defendant pleaded guilty to a conspiracy that began on an unknown date but at least as early as June 1, 2004, and continued through October 18, 2004. The government's version of the offense indicates drug transactions "o/a June 1, 2004 thru Oct 18, 2004," and "o/a July 9, 2004 and July 15, 2004." (PSR, ¶ 17.) The Defendant, in ¶ 47 of his plea petition, stated that he sold methamphetamine "between June and October of 2004." (Filing No. 28.) The Defendant was on probation during the time of the conspiracy for numerous offenses. (PSR, ¶¶ 52, 54, 55, 56.) The objection is denied.

Finally, the additional criminal history point added for recency in ¶ 61 pursuant to U.S.S.G. § 4A1.1(e) appears proper. Considering the dates of the instant offense

---

[1] The Defendant objects to ¶ 58; however, the number of criminal history points are set out in ¶ 59.

described above, the Defendant committed the instant offense less than two years following his release from jail for the qualifying sentence imposed on December 5, 2003. (PSR, ¶ 53.) The objection is denied.

IT IS ORDERED:

1. The government's Objections to the Presentence Investigation Report (Filing No. 37) are granted;

2. The Defendant's Objections to the Presentence Investigation Report (Filing No. 42) are granted in part and denied in part as follows:

    a. The objection to ¶ 21 (alleged breach of plea agreement) is granted;

    b. The objection to ¶¶ 22, 23 and 29 is granted;

    c. The objections to ¶¶ 59, 60, 61 are denied;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

  6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

  DATED this 22nd day of June, 2005.

            BY THE COURT:

            s/Laurie Smith Camp
            United States District Judge